United States District Court
Southern District of Texas

**ENTERED**

May 05, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIERRE PHILLIPS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-04227 |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC, *et al.*, | § | |
| *Defendants*. | § | |

## ORDER

This is a *pro se* Fair Credit Reporting Act ("FCRA") case. Pending before the

Court is Defendant Barclays Bank Delaware's motion to compel arbitration, ECF

No. 61.[1] Having considered the briefing[2] and the applicable law, the Court finds the

motion has merit and grants it.

## I.    BACKGROUND

Plaintiff sued multiple financial institutions and credit reporting agencies

alleging various FCRA violations. ECF No. 1 at 1–2. He alleges that certain credit

---

[1] The district judge to whom this case is assigned referred this case for all pretrial purposes. Order, ECF No. 17. A motion to compel arbitration is a non-dispositive matter that a magistrate judge can resolve by order. *See Brown v. Patel*, No. 4:24-CV-05036, 2025 WL 1168282, at *1 n.2 (S.D. Tex. Apr. 22, 2025) (citing *Glob. Indus. Contractors, LLC v. Red Eagle Pipeline, LLC*, 617 F. Supp. 3d 633, 636 (S.D. Tex. 2022)), *adopted*, No. 4:24-CV-05036, 2025 WL 1456806 (S.D. Tex. May 21, 2025).

[2] Plaintiff filed a response, ECF No. 73.

1

debts were discharged during Chapter 7 bankruptcy proceedings, but financial institutions, including Barclays, erroneously reported those discharges to those reporting agencies, who in turn did not correct his credit report. *Id.* ¶¶ 22–32. He alleges all the defendants violated the FCRA. *Id.* ¶ 2.[3] Barclays now seeks to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). ECF No. 61 at 1–2. Barclay contends that Plaintiff agreed to arbitration under the Cardmember Agreement ("Agreement") entered when Plaintiff opened his account. The Agreement states, in relevant part, that:

> This arbitration provision provides for binding arbitration of all Claims by either you or us against the other if either you or we choose to refer the Claim to arbitration. . . . A "Claim" covered by this provision is any claim, dispute or controversy by either you or us against the other, arising from or relating in any way to this Agreement, your Account, any transaction or activity on your Account, our relationship, products or services provided by us or a third party in connection with this Agreement or your Account, including (without limitation) claims, dispute, or controversies based on contract, tort (including intentional torts), fraud, agency, negligence, statutory or regulatory provisions or any other source of law. . . . If any Claim is advanced in a court, arbitration may be elected under this provision instead, and the right to elect arbitration shall not be deemed to have been waived if the election is made at any time before commencement of trial. . . . This arbitration agreement is made pursuant to a transaction involving interstate

---

[3] Since filing suit, Plaintiff has voluntarily dismissed or otherwise settled with all defendants except Barclays. ECF Nos. 12 (Brewery Credit Union); 78 (Capital One, N.A.); 79 (Equifax Information Services LLC); 82 (TransUnion, LLC); 83 (Experian Information Solutions, Inc.). Because these Defendants have been dismissed, the Court denies as moot all pending motions against them. ECF Nos. 32, 52, 56.

2

commerce, and shall be governed by the [FAA].

ECF No. 61-4 at 3.

## II.    MOTION TO COMPEL ARBITRATION STANDARD.

A contract affecting interstate commerce is subject to the FAA. *Edwards v. Experian Info. Sols., Inc.*, No. DR-24-CV-00021-AM-MHW, 2024 WL 4328773, at *1 (W.D. Tex. Aug. 1, 2024) (citing 9 U.S.C. § 2), *adopted*, No. DR-24-CV-00021-AM, 2024 WL 4329034 (W.D. Tex. Aug. 30, 2024). If a dispute arises that is subject to arbitration under an arbitration agreement the FAA applies to, and a party files suit in court rather than pursuing arbitration, then "the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *Id.* (quoting 9 U.S.C. § 3).

In evaluating a motion to compel arbitration for an agreement under the FAA, two initial steps are required: (1) "determine 'whether the parties entered into any arbitration agreement at all'"; and (2) confirm that the claim before the court is covered by the arbitration agreement. *Aramark Servs., Inc. Grp. Health Plan v. Aetna Life Ins. Co.*, 162 F.4th 532, 536–37 (5th Cir. 2025) (citing *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 278 (5th Cir. 2019)). Once it is determined that the parties entered into an arbitration agreement and the claim is covered by the agreement, courts must then consider if "a federal statute or policy

renders the claim non-arbitrable." *Edwards*, 2024 WL 4328773, at *2 (citing *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009)). "Whether there is a valid agreement to arbitrate is a question of state contract law and is for the court" to decide, even if the cause of action arises under federal law. *Mertens v. Benelux Corp.*, 162 F.4th 492, 495 (5th Cir. 2025) (applying Texas contract law in affirming a district court's denial of a motion to compel arbitration where the cause of action arose under the federal Fair Labor Standards Act).

### III. DEFENDANT HAS ESTABLISHED THAT THIS DISPUTE IS SUBJECT TO ARBITRATION.

#### A. The Parties Entered An Arbitration Agreement.

The Agreement provides that the FAA controls. ECF No. 61-4 at 3 ("This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act"). Thus, the first question is whether the parties entered into an arbitration agreement under state law. In Texas, "a valid contract requires an offer, acceptance, mutual assent, execution and delivery of the contract with the intent that it be mutual and binding, and consideration." *Hendrix v. Allstate Ins. Co.*, No. 4:25-CV-00698-P-BP, 2026 WL 942672, at *2 (N.D. Tex. Mar. 18, 2026) (quoting *In re Online Travel Co.*, 953 F. Supp. 2d 713, 718 (N.D. Tex. 2013)), *adopted*, No. 4:25-CV-00698-P-BP, 2026 WL 940295 (N.D. Tex. Apr. 7, 2026). Where it is undisputed that there is a written

arbitration agreement and neither party contests its validity, the parties are deemed to be parties to a valid arbitration agreement. *Aramark Servs.*, 162 F.4th at 537 (finding it "clear" that the parties involved "are parties to a valid arbitration agreement" where it was undisputed there was "a written agreement and neither party contests its validity") (citing *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 341 (5th Cir. 2004)). This is because under the FAA, written arbitration agreements are "prima facie valid and must be enforced" unless the party opposing arbitration "alleges and proves that the arbitration clause itself was a product of fraud, coercion, or such grounds as exist at law or in equity for the revocation of the contract." *Hendrix*, 2026 WL 942672, at \*2 (quoting *Freudensprung*, 379 F.3d at 341); *see also* 9 U.S.C. § 2 ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").

The arbitration agreement here is written. ECF No. 61-4 at 3. Neither party contests its validity. *See* ECF Nos. 61 at 3 (Barclays explaining that the parties had entered into an agreement); 73 at 2 (Plaintiff noting that Barclays "seeks to compel

5

arbitration of Plaintiff's [FCRA] claims based on the card-holder agreement"

without disputing that he had entered the Agreement in the first place). Further,

Plaintiff does not allege that the clause itself arose out of fraud or coercion, nor does

he allege that there are grounds for revocation of the contract, legal or equitable. *See*

*generally* ECF No. 73. Therefore, the parties entered an arbitration agreement that

is *prima facie* valid and must be enforced under the FAA. *See Aramark Servs*, 162

F.4th at 537; *see also Hendrix*, 2026 WL 942672, at *2–4.

### B. Plaintiff's FCRA Claim Is Covered Under The Arbitration Agreement.

The next question is whether Plaintiff's FCRA claim falls under the arbitration

clause's coverage. Barclays argues that it does. ECF No. 61 at 13. Plaintiff disagrees,

arguing that the clause "contains no reference to the [FCRA] or any other statutory

consumer-protection claim," so his FCRA claims are not covered under the

Agreement's arbitration clause. ECF No. 73 at 3.[4]

---

[4] Plaintiff's argument rests on a misstatement of the law. He suggests his cited authority "requires an arbitration clause to 'clearly and unmistakably' cover a statutory claim before a court may compel arbitration." ECF No. 73 at 2 (citing *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007)). But *Safeco* says nothing of the sort and does not address arbitration. Instead, it addresses "whether willful failure covers a violation committed in reckless disregard of the [FRCA] notice obligation and whether the petitioners committed reckless violations. *Safeco Ins. Co.*, 551 U.S. at 52. Plaintiff is reminded of his obligations under Rule 11 of the Federal Rules of Civil Procedure, even though he proceeds *pro se*. *Hamilton v. Collier*, 711 F. Supp. 3d 676, 685 (S.D. Tex. 2024) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). "By presenting to the court a . . . written motion . . . an attorney *or unrepresented party* certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under circumstances the . . . legal contentions are warranted by *existing law*." FED R. CIV. P. 11(b)(2) (emphases added). Providing

6

The Agreement's arbitration clause states that it applies to "any claims, disputes, or controversies based on . . . statutory or regulatory provisions." ECF No. 61-4 at 3. Multiple Fifth Circuit courts have found FCRA claims subject to arbitration under similarly worded arbitration clauses. *Edwards*, 2024 WL 4328773, at *4 (granting a motion to compel arbitration of an FCRA claim where the arbitration clause applies to "any claims in contract, tort, statute or otherwise, whether they now exist or arise in the future") (collecting cases); *see also Tolliver v. Covington Credit*, No. 3:19-CV-02655-M, 2020 WL 2841393 (N.D. Tex. May 31, 2020) (granting a motion to compel arbitration where the arbitration clause applied to any dispute save for limited exceptions, even though the plaintiff argued the clause was inapplicable because it does not specifically mention causes of action arising under the FCRA). Plaintiff's causes of action against Barclays arise under the FCRA. ECF No. 1 at 30–34 (bringing causes of action under 15 U.S.C. §§ 1681i(c)(1), 1681n, 1681o, 1681s-2(b)). The arbitration clause at issue here therefore includes Plaintiff's claims against Barclays. *See Edwards*, 2024 WL 4328773, at *4.

---

these incorrect statements of law wastes this Court's and counsel's time. Plaintiff is cautioned that Rule 11's obligations and consequences—up to an including stricken filings or monetary sanctions—apply to all who present writings to the Court, including those appearing *pro se*. *Fletcher v. Experian Info. Sols., Inc.*, No. 25-20086, 2026 WL 456842, at *5–6 (5th Cir. Feb. 18, 2026) (discussing the appropriateness of sanctions for "hallucinated" cases); *Vargas v. Salazar*, No. 4:23-CV-04267, 2024 WL 4804091, at *3 (S.D. Tex. Nov. 1, 2024) (noting that future presentation "of pleadings or motions that contain 'made up' citations" could subject the *pro se* plaintiff to sanctions), *adopted*, No. 4:23CV4267, 2024 WL 4804065 (S.D. Tex. Nov. 15, 2024).

### C. No Federal Statute Or Policy Renders The Claim Non-Arbitrable.

To grant Barclays' motion to compel, the Court must determine whether there is a federal statute or other policy that renders Plaintiff's FCRA claims non-arbitrable. *Edwards*, 2024 WL 4328773, at *2. When parties agree to arbitrate statutory claims, "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory right at issue," the parties should be held to that agreement. *Id*. at *4 (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). Nothing in the FCRA evinces any such intention. *Id.* at *5 (collecting cases). There is not a federal statute or policy that renders Plaintiff's FCRA claims against Barclays non-arbitrable. Plaintiff's FCRA claims against Barclays are arbitrable.

### D. The Case Is Stayed.

"'When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration.'" *Hendrix*, 2026 WL 942672, at *6 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 475 (2024)); *see also Prospero v. Walmart Associates, Inc.*, No. EP-25-CV-00001-KC, 2026 WL 670959, at *8 n.40 (W.D. Tex. Mar. 9, 2026) ("When a district court determines that a lawsuit is subject to arbitration, and a party requests a stay pending arbitration, § 3 of the FAA mandates that the court must stay the

proceedings pending arbitration."). The Court has found that Plaintiff's claim against Barclays is subject to arbitration. Barclays asked for this matter to be stayed pending arbitration. ECF No. 61 at 14. Barclays' request that this matter be stayed must be granted.

## IV.   CONCLUSION

The Court **GRANTS** Defendant Barclays' Motion to Compel Arbitration, ECF No. 61. The matter against Barclays is **STAYED** pending completion of arbitration.[5]

Additionally, because Defendant Capital One, N.A. has been dismissed with prejudice in this matter, the Court **DENIES AS MOOT** Plaintiff's Motion to Strike Capital One's defenses, ECF No. 38. *See* Order, ECF No. 80 (dismissing claims against Capital One, N.A. with prejudice); *Chaziya v. Visa Sols., LLC*, No. 4:24-CV-02656, 2025 WL 1168279, at *2 (S.D. Tex. Apr. 22, 2025) (denying as moot

---

[5] Barclays initially frames this as a Rule 12(b)(1) or 12(b)(3) motion to dismiss. ECF No. 61 at 4–5. However, its requested relief does not seek dismissal of this matter. *Id.* at 14 (Barclays asking the Court to "(1) enforce the parties' Arbitration Provision; (2) order the parties to binding arbitration pursuant to the express terms of the Cardmember Agreement; (3) stay this action; and (4) award Barclays such other and further relief as the Court deems appropriate and just"). As its authority points out, when a trial court is presented with a motion to dismiss and simultaneous motion to compel arbitration, the motion to compel arbitration should be considered first. *Gardner v. Gary Sinise Found.*, No. 4:23-CV-99-SDJ, 2024 WL 477516, at *1 n.1 (E.D. Tex. Feb. 7, 2024) (citing *Educ. Mgmt. Services, L.L.C. v. Slaikeu*, No. CV SA-14-CA-135-OLG, 2014 WL 12586408, at *8 (W.D. Tex. May 23, 2014) (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 260 (5th Cir. 1996))), *adopted sub nom. Educ. Mgmt. Services, LLC v. Slaikeu*, No. SA-14-CV-135-OLG, 2014 WL 12586779 (W.D. Tex. June 12, 2014).

remaining motions when a matter is being dismissed with prejudice), *adopted*, No. 4:24-CV-02656, 2025 WL 1490498 (S.D. Tex. May 19, 2025). For the same reason, the Court **DENIES AS MOOT** Plaintiff's Motion to Strike Equifax Information Services, LLC's defenses, ECF No. 52. *See* Order, ECF No. 79 (dismissing claims against Equifax Information Services, LLC with prejudice). Finally, the Court also **DENIES AS MOOT** Plaintiff's Motion to Strike TransUnion, LLC's defenses for the same reason, ECF No. 56. *See* Order, ECF No. 82 (dismissing claims against TransUnion, LLC with prejudice).

**IT IS SO ORDERED.**

Signed at Houston, Texas, on May 5, 2026.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**

10